IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HELEN LOPEZ, as Personal Representative
for the Wrongful Death Estate of JIM CLARK,
deceased,**

      **Plaintiff,**

v.                                      **CIV 11-0227 LAM/GBW**

**AMERICAN BALER COMPANY, a foreign
corporation; METSO CORPORATION, a
foreign corporation; METSO LINDEMANN, a
foreign corporatin; LINDEMANN RECYCLING
EQUIPMENT, INC., a foreign corporation;
DON DICKASON and MARTHA DICKASON,
individually and d/b/a dmDICKASON PERSONNEL
SERVICES,**

      **Defendants.**

## ORDER QUASHING ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Plaintiff's *Motion for Extension of Time to Serve Parties and Response to Order to Show Cause (Doc. 10)*, filed July 29, 2011. On July 26, 2011, the Court entered an *Order to Show Cause (Doc. 9)*, ordering Plaintiff to either effect service on the defendants who have not been served in this case, or show good cause why service has not yet been made. In Plaintiff's response to the order to show cause, she recounts the efforts she has made to identify the defendants who have not been served, and asks the Court to compel Defendant Lindemann Recycling Equipment, Inc. to provide Plaintiff with information regarding the identity of the defendants who have not been served. [*Doc. 10* at 4]. Plaintiff states that Defendants oppose Plaintiff's *Motion for Extension of Time to Serve Parties and Response to Order to Show Cause (Doc. 10). Id.* at 5. Having considered Plaintiff's response to the order to show cause and the record

of the case, the Court finds that Plaintiff has shown good cause why service has not been made at this time, and the Court will **QUASH** its order to show cause.

The Court notes that Plaintiff improperly filed a response to the order to show cause in the same document as a motion for extension of time to serve parties, which violates D. N.M. Administrative Order 92-88 (May 4, 1992). This Administrative Order prohibits filing "compound pleadings," and states that practitioners before the Court shall "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought." The Court cautions counsel for Plaintiff to file separate documents when addressing separate matters before the Court in the future. Nevertheless, despite the Court quashing the order to show cause, the opposed motion for extension of time to serve parties shall remain pending. Since this motion could result in dismissal of claims against named, but unserved, parties, the Court is concurrently entering a Notice of Impending Reassignment because neither Plaintiff nor any of the Defendants served in this case have consented to the undersigned serving as the presiding judge in this case.

**IT IS THEREFORE ORDERED** that the Court's *Order to Show Cause (Doc. 9)* is hereby **QUASHED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**